UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DILON A. HESS,

        Plaintiff,

    v.

METROPOLITAN POLICE DEPT., *et al.*,

        Defendants.

Case No.: 2:19-cv-01250-RFB-EJY

**ORDER**

Presently before the Court is Plaintiff Dilon Hess' Application to Proceed *in forma pauperis* (ECF No. 5). Attached to Plaintiff's *in forma pauperis* application is a Complaint for Violation of Civil Rights (Non-Prisoner) pursuant to 42 U.S.C. § 1983 (ECF No 5-1).

**I.**     ***IN FORMA PAUPERIS* APPLICATION**

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Therefore, the Court grants Plaintiff's request to proceed *in forma pauperis*.

**II.**     **SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it

1

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (internal citation omitted). Although the standard under the Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III. JURISDICTION

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff's Complaint asserts 42 U.S.C. § 1983 claims under the Fourteenth Amendment to the United States Constitution. ECF No. 5-1 at 4–6. Plaintiff's claims clearly arise under federal law, and therefore, the Court has jurisdiction over those claims.

# IV. PLAINTIFF'S CLAIMS

In screening Plaintiff's Complaint and construing it liberally, the Court looks in part to the attachments provided. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint). Plaintiff's *in forma pauperis* application is accompanied by a Complaint asserting violations of civil rights, which, upon review, allege Fourteenth Amendment equal protection claims against Defendants Las Vegas Metropolitan Police Department ("LVMPD"), "Detective D. Hawkins," and "Sheriff Joseph Lombardo." ECF No. 5-1 at 4–6.

The Court finds that LVMPD could be a properly named defendant if Plaintiff states an underlying violation of law that states a claim. "To hold a police department liable for the actions of its officers, the [plaintiff] must demonstrate a constitutional deprivation, and show that the deprivation was visited pursuant to a police department custom or policy." *Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1088 (9th Cir. 2000) (internal citation omitted). However, "[t]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train in a relevant respect amounts to deliberate indifference to the constitutional rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989).

Here, Plaintiff alleges LVMPD "failed to instruct Det: [sic] Hawkins on how to conduct an arrest." ECF No. 5-1 at 5. Plaintiff also contends LVMPD's policy requires an officer to:

> identify[] himself first as an officer of the law and, once he decide [sic] to detain a person to properly ask them to turn around and plac[e] the handcuffs on that person—NOT—threaten[] to first shoot them in the back of the head, then 'instead of making the arrest properly' beating them. . . . Det: [sic] Hawkins either didn't follow policy or he was not trained in arrest on how to conduct it according to policy.

*Id*. While the above sufficiently identifies a relevant LVMPD policy, Plaintiff does not state the deprivation of rights was visited upon him pursuant to the policy identified. That is, the alleged identified policy sets forth a series of LVMPD requirements that Detective Hawkins allegedly did not follow. Hence, it was not the policy that resulted in a deprivation of rights, but Detective Hawkins' alleged conduct that caused a deprivation. Plaintiff also does not explain how LVMPD's purported failure to sufficiently train Detective Hawkins rises to the level of deliberate indifference.

3

Plaintiff therefore fails to state a claim against LVMPD for depriving him of his Fourteenth Amendment right to equal protection under the law. Accordingly, Plaintiff's Fourteenth Amendment claims against LVMPD based on an alleged departmental policy or on the alleged failure to train an officer will be dismissed without prejudice with leave to amend.

The Court finds Detective Hawkins and Sheriff Joseph Lombardo are improper defendants in this action to the extent they are being sued for injunctive relief in their official capacities. This is because "[a] suit against a governmental official in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citation omitted). Because "local government units can be sued directly for damages and injunctive or declaratory relief" post-*Monell*, "[w]here both the public entity and a municipal officer are named in a lawsuit, a court may dismiss the individual named in his official capacity as a redundant defendant." *Scott v. Las Vegas Metropolitan Police Dept.*, No. 2:10-cv-01900-ECR-PAL, 2011 WL 2295178, *8 (D. Nev. June 8, 2011) (internal citations omitted). In other words, to the extent Plaintiff asserts claims against Detective Hawkins and Sheriff Joseph Lombardo in their official capacities, they are duplicative of Plaintiff's claim against LVMPD. Accordingly, Plaintiff's claims with respect to Detective Hawkins and Sheriff Joseph Lombardo in their official capacities will be dismissed without prejudice with leave to amend.

The Court finds Detective Hawkins and Sheriff Joseph Lombardo are properly named defendants in this action to the extent they are being sued for money damages in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1993); *see also DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992) (providing that state officials sued in their personal capacity are persons for purposes of Section 1983). Specifically, with respect to Sheriff Lombardo,

> [a] supervisor may be sued in his individual capacity under 42 U.S.C. § 1983 for his own culpable action or inaction in the training, supervision, or control of his subordinates. . . . Supervisory liability is individual liability, based on the supervisor's personal responsibility for the constitutional violation, and does not require any proof of official policy or custom as the moving force.

*Scott*, 2011 WL 22295178 at *8 (internal alterations, citations, quotation marks omitted).

4

In his Complaint, Plaintiff claims Detective Hawkins, who was present at a gas station sitting in an unmarked car, attempted to arrest Plaintiff without announcing himself or identifying himself as a LVMPD officer. ECF No. 5-1 at 3, 4. After Detective attempted the arrest, Plaintiff began driving away because he believed he was "being targeted by some one [sic]"; however, Detective Hawkins blocked Plaintiff's car causing Plaintiff's car to crash into the unmarked vehicle. *Id* at 3. Plaintiff then exited his car and began running, at which point Detective Hawkins ran after Plaintiff finally identifying himself as a police officer, but threatening to shoot Plaintiff in the head. *Id*. Hearing this, Plaintiff stopped running and laid "face down in a back [sic] yard to surrender." *Id*. at 3. Plaintiff alleges that Detective Hawkins caught up to Plaintiff, turned him over on his side, and punched him repeatedly in the face. *Id*. at 3, 4. Plaintiff claims his eye socket orbital and teeth were broken as a result of the beating. *Id*. at 3. "[Plaintiff] begged [Detective Hawkins] to stop, but [Detective Hawkins] stated that 'you don't run from me.'" *Id*.

Based on these facts, Plaintiff alleges his constitutional rights were violated by: (1) LVMPD because it "failed to train or inform a detective to protect and serve by their ethical duties as an officer of the law"; (2) Sheriff Joseph Lombardo because he "failed to instruct his officer/detective on [how to] protect and serve the community"; and, (3) Detective Hawkins because he "abused his power to cause or inflict harm upon a person without just compensation." ECF No. 5-1 at 2.

While Plaintiff cites to the Fourteenth Amendment equal protection clause as the basis for his constitutional violation claim, the Court liberally construes this claim as seeking relief under the Fourth Amendment. Police use of force is properly analyzed under the Fourth Amendment "reasonableness" standard governing "all claims that law enforcement officials have used excessive force . . . in the course of an arrest . . .." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The question, and pleadings, must raise a question of "whether the officer['s] … actions are 'objectively reasonable in light of the facts and circumstances confronting …[him] without regard to the[] underlying intent or motivation." *Id*. at 397. Plaintiff clearly alleges an excessive use of force by Detective Hawkins, which caused him an alleged severe set of injuries, especially in light of Plaintiff's allegation that once Detective Hawkins identified himself, Plaintiff stopped running and laid face down in a backyard to surrender. It was only after this happened that Plaintiff alleges Detective Hawkins

repeatedly struck him in the face breaking his teeth and eye socket. Thus, Plaintiff's claim against Detective Hawkins, in his individual capacity for money damages, is adequately stated and shall proceed to service and discovery.

With respect to Plaintiff's claims against Sheriff Lombardo, a defendant may be held liable in a supervisory capacity under Section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). "The requisite causal connection can be established ... by setting in motion a series of acts by others," *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001) (citations omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

Plaintiff alleges Sheriff Lombardo "failed to instruct his officer/detective on [how to] protect and serve the community." This claim is vague and does not allege sufficient facts to demonstrate that the Sheriff is culpable in his own right for failing to train, supervise or control Detective Hawkins. In fact, there is nothing alleged that supports an assertion that Detective Hawkins was not properly trained or otherwise supervised or controlled. Detective Hawkins is alleged to have acted alone and have said "'you don't run from me" suggesting Detective Hawkins was allegedly acting based on a personal set of rules rather than a Department set of rules. In sum, there is nothing currently alleged to causally connect Sheriff Lombardo with Detective Hawkins' actions.

## V. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 5) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate # 2876767), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that, even if this action is dismissed sometime in the future, or is otherwise unsuccessful, the full filing fee shall be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

IT IS FURTHER ORDERED that the Clerk of the Court shall separate and electronically file Plaintiff's Complaint attached to ECF No. 5.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 5-1) shall proceed as stated against Detective Hawkins in his individual capacity based on an alleged violation of Plaintiff's Fourth Amendment Rights.

IT IS FURTHER ORDERED that the Clerk of the Court SHALL issue a summons to Detective Hawkins, of the Las Vegas Metropolitan Police Department. The Clerk of Court SHALL deliver the summons to the U.S. Marshal for service within **five** business days of this Order. The U.S. Marshal shall serve the summons, together with a copy of Plaintiff's Complaint (ECF No. 5-1), which SHALL be provided upon request of the U.S. Marshal's office by the Clerk of the Court, on Detective Hawkins

IT IS FURTHER ORDERED that the Clerk of the Court SHALL send the USM 285 forms to Plaintiff within **five** business days of the date of this Order.  **Plaintiff shall have twenty (20) days after receipt of this Order to complete the required USM 285 forms and return the same to the U.S. Marshal at 333 Las Vegas Blvd South, Suite 2085, Las Vegas, Nevada 89101**.

IT IS FURTHER ORDERED that **after** Plaintiff receives copies of the completed USM 285 forms back from the U.S. Marshal, Plaintiff shall have twenty (20) days to file a notice with the Court telling the Court whether Defendant Detective Hawkins was served.  If Detective Hawkins is not served, and Plaintiff wishes to have the U.S. Marshal attempt service again, Plaintiff must file a request with the Court providing as much detail as possible regarding where and how service on Detective Hawkins may be accomplished.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 180 days from the date Plaintiff's Complaint was filed.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 5-1) is DISMISSED WITHOUT PREJUDICE for failure to state claims upon which relief can be granted, WITH LEAVE TO AMEND, as to Plaintiff's claims against the Las Vegas Metropolitan Police Department, Sheriff Lombardo in his official capacity, and Detective Hawkins in his official capacity for the reasons stated above.  Plaintiff's claim against Sheriff Lombard in his individual capacity is also DISMISSED WITHOUT PREJUDICE WITH LEAVE TO AMEND for the reason stated above.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order.  If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint."  The amended complaint must contain a short and plain statement describing the basis for Plaintiff's claims against the Las Vegas Metropolitan Police Department and Sheriff Lombardo in his individual capacity with enough specificity to provide these defendants with sufficient notice of constitutional violations consistent with the law described above.  If Plaintiff chooses to file an amended complaint and wishes to continue to proceed against Detective Hawkins, that claim must be included in the amended complaint.

Plaintiff is advised that if he chooses to file an amended complaint, the original complaint (ECF No. 5-1) will no longer have any effect. For this reason, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to the prior complaint to make Plaintiff's amended complaint sufficient under the law.

DATED THIS 31st day of October, 2019.


_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE