**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DILON A. HESS,<br><br>Plaintiff,<br><br>v.<br>METROPOLITIAN POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No.: 2:19-cv-01250-RFB-EJY<br><br>**ORDER** |

    This action began with a *pro se* civil rights complaint filed by Plaintiff Dilon Hess pursuant to 42 U.S.C. § 1983. ECF No. 1-1. On June 1, 2020, Defendant D. Hawkins filed a Motion for Summary Judgment and Plaintiff failed to respond. ECF Nos. 16, 19. On January 25, 2021 this Court issued an Order allowing *pro se* Plaintiff to file a response by February 12, 2021 and informed the Plaintiff that if he failed to do so, this Court could dismiss this action for failure to prosecute. ECF No. 20. Plaintiff has failed to file a response in compliance with this Court's Order.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

    In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring Plaintiff to file a response by February 12, 2021 stated: "Due to the Court's inherent authority to manage its docket, the Court can dismiss this action for failure to prosecute if Plaintiff does not comply with this order." ECF No. 20. Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

/

/

/

/

/

/

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Plaintiff's failure to file a response in compliance with this Court's January 25, 2021 Order.

**IT IS FURTHER ORDERED** that the Plaintiff may request that this action be reopened with a filing explaining why he has failed to respond to the Motion for Summary Judgment or participate in the litigation.

The Clerk of the Court is instructed to enter judgment accordingly and close this case. The Clerk of the Court is instructed to send Plaintiff a copy of this order.

DATED: March 15, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**